UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| LEVI CALVIN McKINNEY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION V-07-86 |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Levi Calvin McKinney ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting various time-credit claims. (Dkt. No. 12.) Respondent Nathaniel Quarterman ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division (TDCJ), filed a motion for summary judgment asserting that Petitioner's claims are time-barred (Dkt. No 31), to which Petitioner did not respond. After reviewing the petition, motion, record, and applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

On October 2, 1992, Petitioner pled guilty to the felony offense of delivery of a controlled substance. *State v. McKinney*, No. 92-8-14,888A (24th Dist. Ct., Victoria County, Tex., Oct. 2, 1992). Petitioner was sentenced to 15 years imprisonment, *id.*, but was released on parole December 18, 2002. (Dkt. No. 31, Ex. A at 2.) Petitioner's parole

was later revoked on October 6, 2005 after he violated one of more conditions of his release, and Petitioner was returned to state custody. (*Id.*, Ex. B.)

On April 18, 2006, Petitioner filed his first state application for writ of habeas corpus challenging the denial of time credits from his 2005 parole revocation. *Ex Parte McKinney*, No. WR-41,750-02 (Tex. Crim. App. 2006). On July 26, 2006, the Texas Court of Criminal Appeals dismissed Petitioner's application as procedurally barred by Texas Government Code Section 501.0081.[1] *Id.* Petitioner filed a second state writ on March 23, 2007 repeating his claims regarding his sentence, but the TCCA dismissed his application on May 16, 2007 for non-compliance with Texas Rule of Appellate Procedure 73.1. *Ex Parte McKinney*, No. WR-41,750-03 (Tex. Crim. App. 2007). Petitioner then filed a third state application on June 4, 2007, which the TCCA reviewed on the merits and denied without written order on August 1, 2007. *Ex Parte McKinney*, No. WR-41,750-04 (Tex. Crim. App. 2007).

On July 22, 2008, Petitioner filed the present habeas petition, again asserting various time-credit claims. (Dkt. No. 12.) Roughly one week later, on August 1, 2008, Petitioner was released from TDCJ custody. (Dkt. No. 31, Ex. C.)

**Petitioner's Allegations**

The Court understands Petitioner's claims as follows:

1. Petitioner was forced to sign a parole certificate under duress, which constitutes cruel and unusual punishment;

---

[1]. The Texas Government Code provides that an inmate may not raise a time-credit error in a state habeas application until: "(1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or (2) if the inmate has not received a written decision, the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error." TEX. GOV'T CODE § 501.0081(b).

2. The forfeiture of Petitioner's previously earned good time credits is illegal; and

3. Due to the revocation of Petitioner's parole and his denial of credit for street time spent while on parole, Petitioner is wrongfully being forced to serve his sentence in "installments" and being forced to serve his sentence beyond his original discharge date, thus constituting a double jeopardy violation.

## One-Year Statute of Limitations

Petitioner's federal habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Petitioner's challenge to his sentence is barred by AEDPA's statute of limitations. Petitioner filed the present motion on July 22, 2008.[2] Because he does not attack his underlying conviction, the one year period of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner challenges his denial of good time credits pursuant to the revocation of his parole on October 6, 2005; thus, the factual predicate for his claims arose and the statute of limitations began to run on October 6, 2005, unless Petitioner properly filed for state collateral review to toll the running of the statute of limitations. While petitioner filed a number of applications for state review, his only "properly filed" petition was filed on June 4, 2007 and denied on August 1, 2007.[3] *Ex Parte McKinney*, No. WR-41,750-04 (Tex. Crim. App. 2007). Because Petitioner's state habeas application was filed after the limitations period ending October 6, 2006, the application failed to toll the federal filing deadline. Thus, Petitioner exceeded the statute of limitations by approximately two years.

---

2. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a pro se prisoner's habeas petition is filed when he delivers the papers to prison authorities for mailing).

3. As noted *supra*, Petitioner's first two state applications were denied as procedurally barred.

Petitioner's habeas petition is time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity. Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period. Because Petitioner does not satisfy any of the exceptions to AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether Petitioner's § 2254 petition states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

## Conclusion

For the foregoing reasons, Respondent Nathaniel Quarterman's Motion for Summary Judgment (Dkt. No. 31) is **GRANTED**. Levi Calvin McKinney's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 12) is **DENIED**. The Court also **DENIES** Petitioner a Certificate of Appealability.

It is so **ORDERED**.

Signed this 19th day of June, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE